UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:13-CR-45 |
| | ) | |
| JAMES PERRY PHILLIPS, | ) | (VARLAN / SHIRLEY) |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Judge as may be appropriate. This matter came before the undersigned on August 29, 2013, for a telephone conference on the status of Defendant Phillips' mental evaluation. Assistant United States Attorney David P. Lewen represented the Government. Attorney Michael Menefee represented Defendant Phillips, who was not present.

Initially, the Court informed the parties that the Defendant had arrived at the Metropolitan Correctional Center in Chicago, Illinois, on July 29, 2013. MCC Chicago wrote to the Court requesting an additional fifteen days in which to complete the Defendant's mental evaluation. The letter states that the Defendant's evaluation will be completed on September 12, 2013, and the forensic report will be submitted to the Court by October 3, 2013. The Court granted [Doc. 616] MCC Chicago's requested extension. Accordingly, the Defendant will not have completed his mental evaluation prior to the September 3, 2013 trial date in this case.

1

The Government made an oral motion to sever Defendant Phillips for a separate trial pursuant to Rule 14 of the Federal Rules of Criminal Procedure. AUSA Lewen argued that the Government's trial preparations were under way and that its witnesses were appearing for trial in less than a week. He contended that it would be prejudicial to the Government to continue the trial until Defendant Phillips was determined to be competent. Mr. Menefee did not object to the oral motion to sever. He stated that Defendant Phillips would enure no benefit from proceeding to trial with Codefendant Braden. He also informed the Court that he had spoken with Defendant Braden's counsel, Attorney Russell Greene, who stated that Defendant Braden did not object to a severance of Defendant Phillips for a separate trial.

In the present case, Defendants Braden and Phillips are charged in a Superseding Indictment [Doc. 589] with conspiracy to manufacture methamphetamine.[1] Rule 14 permits severance of properly joined defendants, if the joinder "appears to prejudice a defendant or the government." Fed. R. Crim. P. 14(a). The Court finds that joinder of Defendants Braden and Phillips for trial would prejudice the Government because it would not be able to proceed to trial on September 3, 2013, despite having already undertaken trial preparations and arranged for its witnesses to appear on that date. Moreover, the Court notes that Defendant Phillips does not object to a severance and that two months before his competency was questioned, he signed a plea agreement, which has been entered [Doc. 350] in the record. Thus, the Government's oral motion to sever Defendant Phillips for a separate trial from that of Defendant Braden is **GRANTED**. Defendant Phillips' trial date will be set once he returns to the district and is found to be competent.

---

[1]Defendant Braden is also charged with possession of the components of methamphetamine while having reasonable cause to believe they would be used to manufacture same and being a felon in possession of ammunition.

2

Case 3:13-cr-00045-TAV-CCS   Document 619   Filed 08/30/13   Page 2 of 3   PageID #: 1534

The parties are to appear before the undersigned for a competency hearing on Defendant Phillips on **October 10, 2013, at 10:30 a.m.**

    **IT IS SO ORDERED.**

                                ENTER:

                                  <u>   s/ C. Clifford Shirley, Jr.   </u>
                                  United States Magistrate Judge